United States Court of Appeals,

Eleventh Circuit.

No. 93-8989.

Richard JONES, Gail Jones, Plaintiffs,

Barry L. Roseman, Appellant,

v.

INTERNATIONAL RIDING HELMETS, LTD., Defendant-Cross-Defendant-Appellee,

A. Plastino & Sons, Ltd., aka Plastino & Sons, Ltd., aka Plastino, Inc. Augustino Plastino, Soyo International Ltd., Defendants-Cross-Defendants,

Miller's Harness Inc., Defendant-Cross-Claimant, Appellee.

April 6, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:91-cv-1533-ODE), Orinda D. Evans, District Judge.

Before DUBINA, Circuit Judge, RONEY and ESCHBACH[*], Senior Circuit Judges.

DUBINA, Circuit Judge:

Appellant Barry L. Roseman ("Roseman"), attorney for the plaintiffs Gail and Richard Jones ("the plaintiffs"), appeals the district court's order imposing Rule 11 sanctions against him in this products liability action brought by the plaintiffs against International Riding Helmets, Ltd. ("IRH").

I. BACKGROUND

The plaintiffs sued IRH and four other defendants for negligence and breach of warranty. They alleged that their child, Jessica, suffered head injuries in a 1989 horseback riding accident

---

[*]Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

despite wearing a helmet. They further alleged that the defendants manufactured or distributed the helmet in question, and they sought damages. The plaintiffs' lawyer was Roseman, who signed and filed a complaint on behalf of the plaintiffs on July 5, 1991.

IRH eventually moved for summary judgment. It argued that because the helmet in question was manufactured in 1985, and because IRH was not incorporated until 1986, it could not have manufactured the helmet. IRH submitted documents to demonstrate that it started doing business in 1986 and was not related to any prior corporate entity.

The plaintiffs never responded to IRH's motion. Accordingly, the district court entered summary judgment for IRH. [1] IRH then moved for sanctions under Rule 11 of the Fed.R.Civ.P. It alleged that Roseman filed the complaint despite knowing that IRH was not a proper party to the action. Moreover, it argued that the plaintiffs knew or should have known that the helmet was manufactured before 1986, and that IRH could not be held liable for the helmet as a matter of law. In summary, IRH asserted that the complaint was not well-grounded in fact, and it sought reimbursement for the costs incurred during discovery and in seeking sanctions.

Roseman responded that his pre-filing investigation was "superlative." (R2-34 at 7). Specifically, he alleged that statements by four individuals supported a reasonable belief that the helmet could have been manufactured in 1986, and thus,

---

[1]The district court separately resolved the plaintiffs' claims against the remaining defendants.

manufactured by IRH.

The district court, however, found that Roseman did not actually believe that the helmet was manufactured in 1986 when he signed the complaint.[2]  In support of its findings, the district court noted that Roseman never sought discoverable information for helmets manufactured that year.  The court also found that a reasonable investigation, such as reviewing IRH's certificate of incorporation, would have shown that IRH was not a proper party if the helmet was made before 1986.  In its findings, the district court concluded that Rule 11 obligated counsel to conduct a reasonable inquiry as to whether IRH was a proper party, that counsel failed to conduct such an inquiry, and that sanctions were mandatory under the circumstances.

Based upon the itemized list of costs and fees incurred between July 1, 1991, and March 31, 1992, the district court awarded IRH a total of $16,415.94.  This amount included costs incurred in connection with a deposition and in filing the motion for Rule 11 sanctions.  The court ordered that Roseman be personally responsible for payment in order to deter him from conducting future litigation in a similar manner.

The plaintiffs declined to appeal the entry of judgment against them.  Roseman, however, timely filed a *pro se* notice of appeal from the sanctions order.  IRH responded by seeking sanctions under Fed.R.App.P. 38.

II. STANDARD OF REVIEW

---

[2]*Jones v. International Riding Helmets, Ltd.,* 145 F.R.D. 120, 123 (N.D.Ga.1992).

An appellate court reviews all aspects of the district court's Rule 11 determination for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Id.*

### III. ANALYSIS

We begin by noting that Fed.R.Civ.P. 11 has been amended since the actions forming the basis of this appeal were conducted.[3] We are, however, bound to apply the Rule in effect at the time the events herein took place.

Roseman contends that the district court abused its discretion in imposing Rule 11 sanctions for Roseman's failure to make a reasonable inquiry prior to the filing of the plaintiffs' complaint. While he concedes that he knew of IRH's 1986 incorporation date, he argues that he was unsure at the time he filed the complaint whether the helmet was purchased in 1985 or 1986.[4] First, Roseman asserts that plaintiff Gail Jones indicated before the complaint was filed that the helmet might have been

---

[3]Rule 11 was amended effective December 1, 1993. Under the 1993 amendment,

> ... a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

Fed.R.Civ.P. 11 Advisory Committee's Note.

[4]The complaint itself does not specify the date the helmet was manufactured.

purchased in 1986.  Second, the retailer who sold the helmet told the plaintiffs' investigator that she generally buys from two manufacturers, Lexington Safety and "Helmets International." According to Roseman, the retailer might have meant "International Riding Helmets, Ltd." rather than "Helmets International."  Third, Roseman refers to an interview with a "confidential informant" conducted prior to the filing of the complaint who was "99% sure" that the helmet was manufactured by IRH.

The district court rejected these arguments, stating that "[d]espite the effort by Plaintiffs' counsel to show that an investigation took place, the court is unable to accept counsel's assertion that he was uncertain as to the helmet's date of purchase."  *Jones,* 145 F.R.D. at 123.  First, the district court noted that each of the plaintiffs' interrogatories and requests for production focused on the period from January 1, 1980, to December 31, 1985.  *Id.*  Second, the district court cited a specific request for production seeking "documents concerning insurance coverage that might exist for an injury occurring in 1989 resulting from a defectively manufactured helmet purchased in Mississippi *in 1985*." *Id.* (emphasis added).  Thus, the district court found that "at the time the Plaintiffs served their complaint, they knew that the time period for possible liability ranged from 1980 to 1985, rather than 1986.  Given this conclusion, the court must find that Plaintiffs' claim against International was objectively frivolous."  *Id.* at 124.  According to the district court, therefore, the record "conclusively established" that IRH was not in existence when the helmet entered the market.  *Id.*

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1506 (11th Cir.1993) (quoting *Pelletier v. Zweifel,* 921 F.2d 1465, 1514 (11th Cir.), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991)). The text of Rule 11 permits sanctions only if the objectionable court paper is "signed in violation of this rule." *Id.* at 1507. Accordingly, the court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney *at the time of filing. Id.* at 1508 (citations omitted) (emphasis added). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* at 1507 (quoting Fed.R.Civ.P. # 11, Advisory Committee Note).

In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. *McGuire Oil Co. v. Mapco, Inc.,* 958 F.2d 1552, 1563 (11th Cir.1992). If the attorney failed to make a reasonable inquiry, then the court must impose

sanctions despite the attorney's good faith belief that the claims were sound. *Id.* The reasonableness of the prefiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987) (en banc). The reasonableness of the inquiry may also depend on the extent to which factual development requires discovery. *Mapco,* 958 F.2d at 1563.

The law is not clear whether the failure to seek discovery regarding certain claims can establish that a complaint was not well-founded. Certain pre-filing statements cited by Roseman suggest that a reasonable basis existed for believing that the helmet was manufactured in 1986; however, Roseman's post-filing actions—specifically, the dates specified in his discovery requests—suggest that he may not have held this belief. Thus, if his post-filing actions are not relevant to whether a reasonable basis existed for filing the complaint, then the district court may have abused its discretion in awarding sanctions.

As previously noted, the question of the propriety of a pleading for purposes of Rule 11 is determined at the time the pleading is filed. Research fails to uncover any case law on the issue of whether a district court may examine an attorney's post-filing actions, such as the formulation of discovery requests, to determine whether the attorney reasonably believes that the pleading was well-founded when it was filed. The most closely analogous case is *Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d

1018 (5th Cir.1994).  In that case, the Fifth Circuit held that significant evidence gathered by the defendants during discovery suggesting that the accident at issue was staged "became a factor in the district court's determination of whether, under the circumstances, [the plaintiffs' counsel] had conducted a reasonable inquiry into the facts supporting the claim."  *Id.* at 1025.  In this circuit, the closest statement addressing this issue appeared in *Souran,* 982 F.2d at 1507 n. 12, where we stated in a footnote that the district court's exclusive focus on the complaint for Rule 11 sanctions was "troubling" in light of its examination of post-complaint discovery to determine if the complaint was well-grounded.

In our view, the district court did not abuse its discretion in awarding Rule 11 sanctions under the facts of this case.  The prohibition against using hindsight to determine whether a pleading had a reasonable basis when filed is intended to protect parties who file pleadings which appear well-grounded when filed, but which discovery or subsequent investigation revealed to be meritless.  The present situation, however, is distinguishable.  This is not a case where discovery later revealed that there was no reasonable basis for the complaint.  Rather, in this case, the formulation of the plaintiffs' discovery requests, and the specific dates in those requests, reveal that Roseman did not believe that the complaint against IRH was well-grounded at the time he signed the pleading.  Roseman concedes that he knew that IRH was incorporated in 1986.  His later actions reveal that he also knew that the helmet was manufactured in 1985 and therefore could not have been made by IRH.

Nevertheless, he signed the complaint, specifying no specific date of purchase, and sued IRH. Roseman's conduct is particularly egregious in light of his failure to respond to several requests for dismissal and a motion for summary judgment filed by IRH. The Fifth Circuit in *Childs* suggests that such post-filing information is a factor in determining whether a reasonable inquiry was conducted prior to the filing of the complaint. We agree and hold that the district court here properly considered Roseman's post-filing actions in determining whether Rule 11 sanctions were appropriate.

Finally, Roseman makes several policy arguments asserting that sanctioning his conduct would undermine the ability to plead in the alternative, would fail to deter "genuine bad faith," would encourage disingenuous discovery requests, and would deter legitimate filings. These arguments are meritless. Affirming the sanctions imposed in this case will not prevent a plaintiff from suing multiple defendants and relying on discovery to determine which defendant is responsible for his injury. That is not what happened in this case. The sanctions here were imposed against an attorney who knew that IRH could not have produced the defective product, but nevertheless filed a vague complaint and then pursued discovery that clearly revealed his belief that IRH was not responsible for the injury. In sum, we are unpersuaded that Roseman's policy arguments are sufficient to reverse the district court's award of sanctions against him. For the foregoing reasons, we affirm the district court's order imposing sanctions against Roseman.

AFFIRMED.