**UNITED STATES of America, Plaintiff,**

**v.**

**Bill R. BARKER, Andrei Lee Royster, Jaromir William John, Hugh Dean Mingo, Charles Niles, Charlie T. Janes, Sr., Allen Dale Nowland, Jorge Arturo Borjas Del Cid, Bobby Riley, Jr., and John and Jane Does # 3–10, Defendants.**

No. CV 298–143.

United States District Court,
S.D. Georgia,
Brunswick Division.

Sept. 25, 1998.

Delora L. Grantham, United States Attorney, Savannah, GA, D. James Greiner, Dept. of Justice–Civil Division, Washington, DC, for United States of America.

Andrei Lee Royster, Jesup, GA, Pro se.

Jorge Arturo Borjas Del Cid, Jesup, GA, Pro se.

Bobby, Jr., Jesup, GA, Pro se.

Anthony T. Jones, Jesup, GA, Pro se.

## *ORDER*

NANGLE, District Judge.

On August 26, 1998, this Court ordered defendant Barker to show cause why this Court should not impose Rule 11 sanctions upon him for filing a motion with no basis in law or fact and for an improper purpose (Doc. 75). In this motion, Barker requested that the Court reconsider its denial of his motion for subpoena duces tecum, its denial of defendants' collective motion to secure their appearance, and its grant of the government's motion for preliminary injunction. Defendant's motion was filled with unsubstantiated accusations against this Court and officers of the federal government,[1] blatant

---

1. *See* Defendant Barker's motion to reconsider ("Barker's motion") filed August 19, 1998, at 1 ("Defendant Barker, alleges that the Executive, Legislative and Judicial Branch of Government is engaged in a **REIGN OF TERROR**, against the 268,000,000 American Citizens.") (emphasis in original); Barker's motion at 2 ("Honorable Court, you (Court) and Executive Branch have entered into an ongoing racketeering enterprise against WE ***THE PEOPLE*** ") (emphasis in original); Barker's motion at 3 ("Honorable Court, Executive Branch and Judicial Branch, you have violated Title 18 USC § 1001 et seq., under color of law."); Barker's motion at 4 ("You tell a two-faced lie and then swear that it is the truth."); Barker's motion at 5 ("In fact each of you are

disrespect for this Court and its orders,[2] and outlandish allegations that have no basis in law or fact.[3] This Court gave Barker ten days from the date of the Order to respond and specifically warned:

> Failure to comply with this show cause order or failure to demonstrate that this motion does not violate Rule 11 will subject defendant Barker to sanctions including but not limited to fines, limits on his ability to file papers in this case, and the striking of his response to plaintiff's motion for summary judgment.

Order dated August 26, 1998, at 3. (Doc. 87). Defendant Barker has appealed the show cause order to the United States Court of Appeals for the Eleventh Circuit. As the August 26 Order was not a final order, defendant's appeal is an interlocutory appeal, and as such, this Court retains jurisdiction over the parties and matters in this case. 28 U.S.C. § 1292(b), *Washington v. Alaimo*, 934 F.Supp. 1395, 1396 (S.D.Ga.1996). As of the date of this Order, defendant Barker has not responded to the show cause Order.

■ By presenting a signed pleading, written motion, or other paper to a court, an unrepresented party certifies "to the best of his knowledge" that "it is not being present-ed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Fed.R.Civ.P. 11(b)(1), that "the claims, defenses and other legal contentions therein are warranted by existing law," Fed.R.Civ.P. 11(b)(2), and that "the allegations and other factual contentions have evidentiary support," Fed.R.Civ.P. 11(b)(3). Sanctions are proper when a party files a pleading in bad faith for an improper purpose, or when the pleading is based on a legal theory that has no reasonable chance of success or that cannot be advanced as a reasonable extension of existing law, or when the pleading has no reasonable factual basis. *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir.1995). In applying such sanctions, the Court must determine whether defendant's claims were objectively frivolous and if so, whether the person who signed the pleadings should have been aware, upon making a reasonable inquiry, of that fact. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996).

■ Given Barker's filing history in this and other cases in the federal courts, it is clear that his motion was filed for an improper purpose.[4] Additionally, even a cursory

---

guilty of treason and are a traitor to the United States of America Constitution of 1787.").

**2.** Barker's motion at 3 ("This is the stated issue by the government in this 'frivolous' order"); Barker's motion at 4 ("Court and Prosecutors, before you keep running-your mouth, check with someone higher than you in the Chain of Commands."); Barker's motion at 5 (*"YOUR PHONY ORDERS MAKE ME SICK"*) (emphasis in original).

**3.** Barker's motion at 2 ("In each State in this United States my colorable liens have standing, period."); Barker's motion at 3 ("Court, you have a problem, the Congress (House & Senate) are '**now running for cover**' as the Members of the Legislative Branch did '*Bribe*' witnesses under Title 18 USC § 201 et seq., which if [sic] a felony, period.") (emphasis in original); Barker's motion at 4 (*"HONORABLE COURT I WAS THERE/I SAW, I DID FLY BACK ALIENS CRAFT WHICH CRASHED IN NEW MEXICO, TEXAS, ARIZONA AND ELSEWHERE"*) (emphasis in original); Barker's motion at 5 ("This court is absent jurisdiction"); Barker's motion at 5 ("Court, Executive Branch and Congress, before the Court has any jurisdiction in this case

---

the (**1st**) **First;** (**5th**) **Fifth;** (**7th**) **Seventh;** (**9th**) **Ninth;** (**10th**) **Tenth;** (**14th**) **Fourteenth and (Original) (13th) Thirteenth Amendment of 1819 will have to be ¶ '*REPEALED*¶ ', Period.**") (emphasis in original).

**4.** In this case alone, Barker has filed multiple identical copies of eight different motions and documents and has violated the Temporary Restraining Order entered in this case by attempting to file a lien against this Court after he was specifically enjoined from doing so. *See* Order dated August 24, 1998. (Doc. 86). He has also filed two notices to the Court purporting to show the Court that all its orders are unconstitutional (Doc. 53, Doc. 68), two motions for reconsideration (Doc. 75, Doc. 103), one motion for writ of mandamus (Doc. 77), one notice of "treason by executive-legislative & judicial branch" (Doc. 93), and five notices of appeal (Doc. 101, Doc. 102, Doc. 111, Doc. 117, Doc. 118). Indeed, he is one of the main reasons this case, which is less than 2 months old, has 120 docket entries.

Additionally, Barker is responsible for at least 20 civil cases presently or formerly before the federal judiciary, including 6 cases in this district and 14 cases in the Middle District of Florida. All of these cases were filed after Barker's 1986

reading of his allegations clearly shows that they are objectively frivolous and have no basis in law or fact. Even though Barker is a pro se prisoner litigant, he should have been aware that allegations that this Court and other federal officials were engaged in an "ongoing racketeering enterprise" against him, that alien aircraft landings have been "covered up" by the federal government, and that this Court has no jurisdiction over this case despite the fact that the United States is a party are patently frivolous. Consequently, this Court finds that defendant Barker has violated Fed.R.Civ.P. 11 and **HEREBY ORDERS** that Barker pay a $2500 fine[5] to the Court. Accordingly, the Court hereby directs the trust or financial officer of the Federal Correctional Institute in Jesup, Georgia to freeze Barker's inmate account, to deduct sufficient funds to satisfy this fine, and to forward these funds to the Clerk of this Court forthwith. To facilitate the speedy collection of this fine, the Clerk of Court is directed to forward a copy of this Order to the Warden of the Federal Correctional Institute in Jesup, Georgia.

 Finally, this Court notes that defendant Barker's blatant and continuous abuse of the federal judicial system calls for certain limits on his ability to file motions in this matter and on his ability to file prospective lawsuits. It is now well settled that a district court may protect itself from the abusive practices of pro se litigants. *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir.1993) (per curiam) (stating that " 'considerable discretion necessarily is reposed in the district court' when it drafts . . . orders [restricting litigious parties' right of access to the courts]") (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)); *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986) (en banc) (per curiam) ("There should be little doubt that the district court has the jurisdiction to protect itself against . . . abuses. . . ."); *Washington*, 934 F.Supp. at 1399 ("This circuit has also recognized the power of district courts to strictly control the access which abusive litigants have to judicial resources.") (citations omitted).

Accordingly, this Court **HEREBY ENJOINS** defendant Barker from filing any further motions in this matter until further order of this Court. Thus, any more filings by Barker in this district, regardless of the case number on the pleading, will *not* be docketed to CV 298–143. Instead, the Clerk shall return to Barker any such filing with a copy of this Order, noting only "attempted filing"

---

conviction in the Middle District of Florida, and most of these cases are based on alleged improprieties in Barker's criminal conviction. *See, e.g., Barker v. Honsted*, CV 291–251 (S.D.Ga. 1991) (petition for writ of habeas corpus); *Barker v. Honsted*, CV 292–30 (S.D.Ga.1992) (same); *Barker v. Lamer*, CV 293–57 (S.D.Ga.1993) (same); *Barker v. Wooten*, CV 297–123 (S.D.Ga. 1997) (same); *Barker v. Wooten*, CV 297–176 (S.D.Ga.1997) (same); *Barker v. Wooten*, CV 298–23 (S.D.Ga.1998) (motion to vacate sentence). Barker's favorite tactic is to file liens against every federal official whose name he can find in the prison library, including both houses of Congress, the entire Southern District of Georgia, the entire Eleventh Circuit, all the justices on the Supreme Court, and nearly every high ranking cabinet member and officer in the Executive Branch. *See, e.g., Barker v. Wooten*, CV 297–176 (S.D.Ga.1997).

5. The Court arrived at this amount from its own rough estimate of how much Barker's adventures in litigation have cost the federal government and from information concerning his inmate trust account received from the United States Attorney. (Doc. 73). Barker alone has filed 20 different motions, notices, and documents in the

two months that this case has been on the docket. This number does not include the innumerable duplicates that Barker attempted to file but which the Clerk of Court merely marked received. *See* Order dated August 24, 1998 (Doc. 86). The Court was forced to respond directly to many of these documents, and seven Orders of this Court are direct dispositions of Barker's motions. Every motion and document filed by defendant Barker has been rife with frivolous arguments. Consequently, the fact that this Court had to waste time and paper in ruling on them is grounds enough for imposing sanctions. Additionally, because of Barker's duplicative motions practice, the Clerk of Court has been forced to specially screen all of his filings in order to weed out any such motions. This screening procedure is a severe drain on the already limited resources of the Clerk's office. As of August 18, 1998, defendant Barker had $4125.12 in his inmate account. Given his obvious litigious bent, the Court believes that a $2500 fine is necessary to impress upon defendant Barker that the type of conduct he has exhibited in the above-captioned case will not be tolerated by the federal courts. The Court notes that this amount is far below the actual amount that Barker's actions have cost the federal government.

on the docket at that time. The Clerk is directed to circulate copies of this Order to all Judges, Magistrate Judges and Clerk's offices in the district.

**IT IS FURTHER ORDERED** that defendant Barker be enjoined from filing a lawsuit in this or any other federal district court unless the following conditions are met:

1. In addition to paying the requisite filing fee,[6] Barker must post a $1000.00 contempt bond with the Clerk of Court.[7] This bond will be held by the Clerk of Court, and if Barker has conducted the affairs in his case appropriately within the parameters of Rule 11, the bond will be returned to Barker at the conclusion of his case.

2. A signed affidavit shall accompany his complaint in which Barker swears that he has read Fed.R.Civ.P. 11, that he will abide by that Rule, that his claims are novel and not frivolous, and that he understands that by signing the affidavit, he is subjecting himself to the possibility of contempt for false swearing if his claims are subsequently found to violate Rule 11.

3. A photocopy of this Order shall be attached to his complaint.

4. A list of all cases previously filed involving the same, similar, or related causes of action shall accompany his complaint.

5. Failure to comply with this Order shall be sufficient grounds for the district court to dismiss his complaint with prejudice.

The Clerk is directed to return any complaint from Barker not in compliance with this Order. Upon Barker's compliance with the above mandates, the Clerk shall accept the filing fee and contempt bond and submit the complaint, prior to filing, to the judge assigned to the case. The judge or magistrate judge will then conduct a frivolity review as if the case were filed under 28 U.S.C. § 1915. If the judicial officer determines that the complaint is not frivolous, malicious, or intended to harass, then the judicial officer will allow the case to be filed and service to issue against the named defendants.

The Constitution requires district courts to protect their jurisdiction "from conduct which impairs their ability to carry out Article III functions." *Procup,* 792 F.2d at 1073. These restrictions are necessary to protect the federal judicial system from further abusive and litigious behavior by defendant Barker and to ensure the continued effective functioning of the judiciary for those parties who have truly meritorious claims.

---

6. Barker has already demonstrated his ability to pay filing fees as he has paid all filing and appeals fees in every case to which he has been a party in this District.

7. This amount is arrived at in the same manner as the Rule 11 fine. *See* footnote 5, *supra.* This provision is intended to make it more expensive for Barker to engage in his favorite pastime— recreational litigation from his prison cell. Additionally, the bond is intended to prevent Barker from abusing federal employees by filing frivolous lawsuits and documents against them, such as the alleged commercial liens at issue in this case, and then refusing to respond to a show cause order. Given Barker's overly litigious history, the Court believes that this bond is necessary to convince Barker to play by the rules.