# IN THE SUPREME COURT OF THE STATE OF NEVADA

WATSON ROUNDS, P.C.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE ELIZABETH
GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
HIMELFARB & ASSOCIATES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND BRUCE HIMELFARB,
AN INDIVIDUAL,
Real Parties in Interest.

No. 69747



FILED

MAR 17 2017

*ELIZABETH A. BROWN*
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order imposing sanctions on petitioner in a tort action.

After this court granted petitioner Watson Rounds, P.C.'s first writ petition and directed the district court to vacate its initial sanctions order, the district court entered another order imposing the same sanctions against Watson Rounds under NRS 7.085(1), making Watson Rounds jointly and severally liable for real parties in interest Himelfarb & Associates, LLC's and Bruce Himelfarb's (collectively Himelfarb) attorney fees.

After considering the petition, answer, reply, and supporting documents, we conclude that writ relief is warranted. *Watson Rounds v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 79, 358 P.3d 228, 231, 233-34 (2015) (recognizing that a petition for mandamus relief is the appropriate means for challenging sanctions imposed against attorneys, as "[s]anctioned attorneys do not have standing to appeal because they are

not parties in the underlying action" and holding that sanctions against an attorney under NRS 7.085 must be supported by sufficient findings that the claims were not well-grounded); *Simonian v. Univ. & Cmty. Coll. Sys. of Nev.*, 122 Nev. 187, 196, 128 P.3d 1057, 1063 (2006) (providing that this court reviews sanctions for an abuse of discretion).

Attorneys may be sanctioned under NRS 7.085(1)

> [i]f a court finds that an attorney has: (a) Filed, maintained or defended a civil action or proceeding in any court in this State and such action or defense is not well-grounded in fact or is not warranted by existing law or by an argument for changing the existing law that is made in good faith; or (b) Unreasonably and vexatiously extended a civil action or proceeding before any court in this State . . . .

An action is not well-grounded when there is no evidence to support it. *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694-96 (11th Cir. 1995) (affirming Rule 11 sanctions against plaintiffs' attorney as there was "no reasonable factual basis" for bringing a tort action against a helmet manufacturer when that manufacturer did not exist at the time when the helmet was made); *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986) (concluding that the trial court abused its discretion by denying a motion for Rule 11 sanctions against plaintiff's attorney, as the complaint was not well-grounded given that there was no evidence that a pharmaceutical defendant named in the action manufactured the drug in question); *see also Rodriguez v. Primadonna Co., LLC*, 125 Nev. 578, 588, 216 P.3d 793, 800 (2009) ("For purposes of NRS 18.010(2)(b), a claim is frivolous or groundless if there is no credible evidence to support it.").

The district court found that the following supported sanctions against Watson Rounds: (1) testimony from plaintiff FortuNet's owner that Watson Rounds made 99.99% of the decisions concerning FortuNet's

SUPREME COURT
OF
NEVADA

(O) 1947A

2

claims against Himelfarb; (2) FortuNet's dismissal of all of its claims against Bruce Himelfarb, individually, except for alter ego; (3) Himelfarb's procurement of clients Colusa, Fantasy Springs, and Virgin River, and FortuNet's failure to present evidence supporting its claim that Himelfarb did not procure these clients; (4) FortuNet's withdrawal of its request for damages related to client Palace at Lemoore after claiming that it lost that client's business due to actions by FortuNet employees and Himelfarb; (5) FortuNet's failure to present evidence that Himelfarb misappropriated trade secrets; and (6) the voluntary and NRCP 50(a) dismissals of the majority of FortuNet's claims and the jury verdict in favor of Himelfarb on the remaining claims.

First, the owner's testimony that "99.99 percent of the information on which the decision [to sue Himelfarb] was based came from my attorneys," does not support that the decision to sue Himelfarb was 99.99% attributable to Watson Rounds. Instead, the owner testified that 99.99% of the information on which he made a decision regarding Himelfarb came from Watson Rounds. Moreover, some claims against Himelfarb proceeded to trial and FortuNet presented some evidence that employees or distributors other than Himelfarb procured Colusa and Fantasy Springs as clients. Next, the district court also found that FortuNet did not intentionally conceal its lack of damages related to the alleged loss of Palace at Lemoore's business and, regardless, FortuNet was not seeking damages for that loss from Himelfarb. Next, although certain claims were resolved by voluntary or NRCP 50(a) dismissal, other claims, which were based on the same core factual issues, proceeded to trial. Thus, the pretrial dismissals do not by themselves warrant sanctions, *Watson Rounds*, 131 Nev., Adv. Op. 79, 358 P.3d at 233, and the district court's sanctions order challenged in this petition does not provide further

SUPREME COURT
OF
NEVADA

(O) 1947A

factual detail to distinguish it from the holding in *Watson Rounds*. *Id.* Although the trade secret claim against Himelfarb may not have been well-grounded, as it was based only on mistaken, unsigned, draft contracts, one claim alone does not warrant the imposition sanctions in the form of attorney fees covering the entire case. *Cf. Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540–41 (9th Cir. 1986) ("Nothing in . . . [Rule 11] supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified."). Finally, although the jury found against FortuNet on its remaining claims, the fact that those claims were supported by enough evidence to submit to the jury precludes sanctions.

As FortuNet presented some evidence in support of its claims, the district court's imposition of NRS 7.085(1) sanctions against Watson Rounds for filing or maintaining claims not well-grounded on facts or viable legal theories was an abuse of discretion. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the portion of its order dated December 30, 2015, holding Watson Rounds jointly and severally liable to Himelfarb for the $526,043.36 in attorney fees.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Lemons, Grundy & Eisenberg
Kolesar & Leatham, Chtd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

5